**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jessica Brown,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Joseph Gerston,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00472-MMD-BNW<br><br>**ORDER** |

　　*Pro se* plaintiff Jessica Brown filed an application to proceed *in forma pauperis* on March 29, 2024. ECF No. 4. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant her request to proceed *in forma pauperis*. This Court now screens Plaintiff's complaint.

**I.　ANALYSIS**

　**A.　Screening standard**

　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2  2014) (quoting *Iqbal*, 556 U.S. at 678).

3      In considering whether the complaint is sufficient to state a claim, all allegations of
4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12     **B. Screening the Complaint**

13     Plaintiff sues Joseph Gerston for a violation of her due process rights. ECF No. 1-1 at 3.
14 Plaintiff checked the box on the form indicating the violation was related to "access to the court."
15 *Id*. Beyond that, it is hard to decipher Plaintiff's handwriting. As a result, it is not entirely clear
16 exactly what are the underlying alleged facts substantiating the claim. As a result, this Court will
17 dismiss her complaint with leave to amend.

18     **C. Instructions for Amendment**

19     Plaintiff is advised that her handwriting must be neat. In addition, she must specify the
20 facts that give rise to the alleged violation and the way in which Mr. Gerston is alleged to be
21 involved in the violation. Although the Federal Rules of Civil Procedure adopt a flexible pleading
22 policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against
23 each defendant.

24     Plaintiff is also advised that if she chooses to file an amended complaint, the original
25 complaint no longer serves any function in this case. As such, if she files an amended complaint,
26 each claim and the involvement of each defendant must be alleged sufficiently. The court cannot
27 refer to a prior pleading or to other documents to make his amended complaint complete. The
28

1  amended complaint must be complete in and of itself without reference to prior pleadings or to
2  other documents.

3  **II.  CONCLUSION**

4  IT IS THEREFORE ORDERED that Plaintiff's motion to proceed *in forma pauperis*
5  (ECF No. 4) is GRANTED.

6  IT IS FURTHER ORDERED that the Clerk of Court is kindly instructed to detach and
7  separately file Plaintiff's complaint (ECF No. 1-1).

8  IT IS ORDERED that Plaintiff's complaint be dismissed with leave to amend. If Plaintiff
9  chooses to amend, she must do so by May 3, 2024. Failure to amend by that deadline may result
10 in a recommendation that the case be dismissed.

11 IT IS FURTHER ORDERED that the Clerk of Court is kindly instructed to mail a copy of
12 the Civil Rights Complaint form approved by this District for use by inmates.

14 DATED: April 2, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE